# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:97-cr-40-FDW-11

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| JOSE NACACIO AMU, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Pro se Motion under Rule 36." (Doc. No. 601).

On November 19, 2001, this Court sentenced Defendant to life imprisonment after being convicted by a jury of conspiracy to possess with the intent to distribute powder and crack cocaine, 21 U.S.C. §§ 841, 846, and conspiracy to import cocaine, 21 U.S.C. §§ 952, 963. (Doc. Nos. 424, 445). On August 7, 2002, the Fourth Circuit Court of Appeals affirmed in an unpublished opinion. (Doc. No. 458).

On August 27, 2009, pursuant to the crack cocaine guidelines, Defendant's sentence was reduced to 360 months of imprisonment. (Doc. No. 534). This Court then denied two subsequent motions for a reduction in sentence filed by Defendant based on sentencing guidelines Amendments 750 and 782, with the Court issuing orders on June 20, 2012, and on March 30, 2015, respectively. (Doc. Nos. 552, 571). On May 30, 2018, Defendant filed the pending motion, in which he asks this Court to correct various clerical errors in the Court's prior orders denying his motions for a reduction in sentence.

Rule 36 of the Federal Rules of Criminal Procedure provides that "the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in

1

the record arising from oversight or omission." FED. R. CRIM. P. 36. Here, even if the 2012 denial of Defendant's motion to reduce sentence contained a clerical error by stating that Defendant was subject to a life sentence (rather than 360 months), the 2015 order correctly stated that Defendant was subject to a sentence of 360 months. While Defendant argues that he is seeking a "correction" of this Court's previous denials of his motions to reduce sentence, it appears that he is in effect asserting a substantive challenge to the information in the orders—that is, pursuant to Amendment 750, he seeks to have the Court reduce his sentence from 360 months to a sentence within a guidelines range of 292-365 months, and, pursuant to Amendment 782, he seeks to have the Court reduce his sentence from 360 months to a sentence within a guidelines range of 235-293 months. (Doc. No. 601 at 5). To the extent that Defendant is attempting to challenge the length of his sentence or his conviction, his motion amounts to a successive petition, which is alternatively dismissed.

**IT IS HEREBY ORDERED** that Defendant's "Pro Se Motion under Rule 36," (Doc. No. 601), is **DENIED**.

Signed: June 5, 2018

Frank D. Whitney
Chief United States District Judge