UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:97-cr-00040-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| vs. ) | ORDER |
| JOSE NACACIO AMU, ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Defendant's Motion for Compassionate Release, (Doc. No. 630). The Government has filed a response in opposition to the motion. (Doc. No. 632). While this motion was pending, the Bureau of Prisons ("BOP") transferred Defendant from CI James, a private prison in Folkston, Georgia, to Rivers Correctional Institute in Winston, North Carolina. (Doc. No. 633). Defendant filed a reply to the Government's response updating his evidence and arguments supporting compassionate release, most of which reiterated his health concerns and his complaint regarding conditions at his previous facility CI James. (Doc. No. 634 and exhibits thereto). Since filing this reply, Defendant filed a notice of change of address indicating he has again been transferred and is now incarcerated at the Federal Transfer Center located in Oklahoma City, Oklahoma. (Doc. No. 638). Given the specific relief requested by Defendant in his motion, and the limited arguments asserted in support thereof, the Court DENIES the motion WITHOUT PREJUDICE.

1

Defendant relies on 18 U.S.C. § 3582(c)(1)(A) to seek a reduction in his sentence to time served. Following enactment of the First Step Act, "§ 3582(c) permits incarcerated persons to file motions for compassionate release directly with the district court so long as they first exhaust their administrative remedies." United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam). If an inmate has exhausted his or her administrative remedies,[1] the court—in its discretion—may grant an inmate's motion for compassionate release if the court: 1) finds extraordinary and compelling reasons warrant a sentence reduction, and 2) considers the relevant 18 U.S.C. § 3553(a) sentencing factors. 18 U.S.C. § 3582(c)(1)(A)(i); see also Kibble, 992 F.3d at 330-31, 331 n.3 (per curiam) ("In stark contrast to the portion of the statute that requires a sentence reduction to be 'consistent with applicable policy statements,' § 3582(c)(1) merely requires district courts to 'consider[ ]' the relevant § 3553(a) factors. We understand this language as providing district courts with procedural guardrails for exercising their discretion, not creating a substantive prerequisite to compassionate release."). In determining whether an extraordinary and compelling reason exists, the Court is not confined to specific criteria and is "empowered . . . to consider *any* extraordinary and compelling reason for release." United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).

Defendant contends he should be released from custody because of his multiple health conditions, arguing they "put me at risk to die in prison." (Doc. No. 634, p. 1). To some extent, Defendant provides generic arguments regarding the COVID-19 virus, although his supplemental pleading is directed more to the COVID-19 conditions and impact at the CI James facility where

---

[1] It is undisputed that Defendant exhausted administrative remedies at his then-current facility prior to filing the instant motion; however, given the multiple transfers in custody since that time, the record is unclear as to whether Defendant sought any administrative remedies at his new facility. For purposes of the instant motion, the Court presumes without deciding the exhaustion requirement is satisfied.

2

he was *previously* housed. Defendant's transfer out of CI James has mooted his concerns about his vulnerability to contracting COVID-19 within that facility, as well as his concerns about the inability for his medical conditions to be treated there. Defendant has not submitted any additional argument or evidence on the prevalence or risk of COVID-19 cases at his newest facility in Oklahoma. The Court recognizes the serious nature of Defendant's asserted medical conditions; however, he has made no argument to this Court that remaining in BOP custody at his *current* place of confinement poses a greater risk to him than would otherwise exist if he were released to the community. Based on the current record before the Court, Defendant has failed to sufficiently establish that the collective impact of his underlying health conditions, the threat of the COVID-19 pandemic, and his current conditions of his confinement within the BOP system constitutes an extraordinary and compelling reason to warrant a sentence reduction under § 3582(c)(1)(A)(i).[2]

In light of the narrow arguments asserted by Defendant here, which have been mooted by his transfer to a new facility, the Court's ruling does not preclude a subsequent motion that asserts different extraordinary and compelling reasons, including any that might be related to Defendant's new facility. For this reason, the Court declines at this juncture to consider the applicable factors set forth in 18 U.S.C. § 3553(a). See 18 U.S.C. § 3582(c)(1)(A).

---

[2] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) (noting specific conditions, when considered *collectively*, could satisfy a defendant's burden: "Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. . . . At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case." (citations omitted)). In contrast, Defendant here has failed to provide a specific combination of factors arising out of the conditions at his current residential reentry center to support a finding of extraordinary and compelling reasons.

IT IS THEREFORE ORDERED that Defendant's Motion for Compassionate Release (Doc. No. 630) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: November 23, 2021

Frank D. Whitney
United States District Judge